UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERICKA PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14 CV 791 RWS |
| ) | |
| PINNACLE ENTERTAINMENT, INC. ) | |
| AND JOYCE RIDGE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER OF REMAND

This matter is before me on Plaintiff Ericka Parker's motion to remand. Parker filed this action against Defendants Pinnacle Entertainment, Inc. ("Pinnacle") and Joyce Ridge in Missouri state court, alleging for race discrimination in violation of the Missouri Human Rights Act. Although diversity jurisdiction is lacking on the face of the complaint because Ridge is a citizen of Missouri and, as a result, subject to the forum defendant rule, Pinnacle removed this lawsuit to federal court claiming that Ridge was fraudulently joined to defeat diversity jurisdiction. Because I find that Ridge was not fraudulently joined as a defendant, I lack subject-matter jurisdiction and will grant Parker's motion to remand this lawsuit to state court.

## *DISCUSSION*

"The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (1996) (citing 28 U.S.C. § 1441(b)). "A claim may be removed only if it could have been brought in federal court originally." Id. "Critically, the party seeking removal has the

1

burden to establish federal subject matter jurisdiction; all doubts about federal jurisdiction must be resolved in favor of remand." Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009) (internal citation and cited case omitted).

There is a restriction on the removal of diversity cases known as the "forum defendant rule." This rule, set forth in 28 U.S.C. § 1441(b), makes diversity jurisdiction in a removal case narrower than if the case was originally filed in federal court by the plaintiff. Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir.1992). Under the "forum defendant rule," a defendant can remove a case based on diversity jurisdiction only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005); Horton v. Conklin, 431 F.3d 602, 604 (8th Cir. 2005) (internal citations omitted). Federal courts lack diversity jurisdiction over a removed case in which one of the defendants is a citizen of the forum state. Hinkle v. Norfolk S. Ry. Co., No. 4:05CV1867, 2006 WL 2521445, at *2 (E.D.Mo. Aug. 29, 2006) (internal citations omitted). Furthermore, "[t]he violation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.' " Horton, 431 F.3d at 605 (quoting Hurt, 963 F.2d at 1146).

A "court may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat diversity" under the doctrine of fraudulent joinder. In re Genetically Modified Rice Litigation, 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009). The burden of proving the existence of fraudulent joinder rests with the removing party. Knudson v. Systems Painters, Inc., 634 F.3d 968, 977 (8th Cir. 2011). "A joinder is fraudulent only when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wilkinson

2

v. Shackleford, 478 F.3d 957,964 (8th Cir. 2007). "[I]f there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (emphasis in original). The focus is "only on whether a plaintiff 'might' have a 'colorable' claim under state law against a fellow resident, not on the artfulness of the pleadings." Wilkinson, 478 F.3d at 964. As the Eighth Circuit Court of Appeals explained in Filla,

> [T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law.

Id. at 811 (citations omitted). "[W]here the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with the motion to remand but simply to remand the case and leave the question for the state courts to decide.'" Id. (quoting Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977)).

Here, Pinnacle argues that the individual defendant, Ridge, is fraudulently joined because plaintiff failed to name her in her Charge of Discrimination filed with the Missouri Commission on Human Rights. However, the Supreme Court of Missouri has held that "the failure to make [an individual] a party at the administrative action before the EEOC or the Missouri Commission on Human Rights ('MCHR') will bar suit against him only if it resulted in prejudice." Hill v.

3

Ford Motor Co., 277 S.W.3d 659, 662 (Mo. 2009).[1] Because Hill holds that there are circumstances under which the case can proceed, despite the failure to name an individual defendant in the administrative charge, district courts have concluded that "there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant." See, e.g., Hayes v. Travelers Indem. Co., 2012 WL 5285775, *4 (E.D. Mo. Oct. 25, 2012); Jameson v. Gough, 2010 WL 716107, *3-*4 (E.D. Mo. Feb. 24, 2010); Adamson v. Durham D &M, LLC, No. 09-0523-CV-W-ODS (W.D. Mo. July 15, 2009); Johnson v. Durham D & M, L.L.C., No. 09-CV-0502-W-HFS (W.D. Mo. Aug. 19, 2009); Conard v. Bayer CropScience, LP, No. 09-0695-CV-W-FJG (W.D. Mo. Dec. 10, 2009); Sinderson v. Bayer CropScience, LP, No. 09-0693-CV-W-FJG (W.D. Mo. Dec. 10, 2009); Black v. CropScience, No. 09-0807-CV-W-FJG (W.D. Mo. Dec. 23. 2009).

---

[1]The court identified four factors that courts should consider when deciding if the failure to join the individual in the initial charge should be forgiven. Id. They are:

> 1) whether the role of the unnamed party could be through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC [or MCHR] complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC [or MCHR] proceedings; 3) whether its absence from the EEOC [or MCHR] proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id. at 669–70.

A state court could very well determine that Parker's failure to exhaust her administrative remedies is fatal to her claims against Ridge. But because Missouri courts might allow Parker's claims against the Ridge to proceed despite her failure to name them in the Charge of Discrimination, Ridge is not fraudulently joined. As a result, I lack subject-matter jurisdiction and must remand the action to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#7] is **GRANTED**. This case is remanded to the Circuit Court of St. Louis City, Missouri for lack of subject-matter jurisdiction under 28 U.S.C. § 1447(c).

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2014.